IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ARWINDERJIT SINGH,<br><br>                    Petitioner,<br><br>          vs.<br><br>JEROME KRAMER, Sheriff, Lincoln County Jail, in their official capacities; DAVID EASTERWOOD, Acting Field Office Director, St. Paul Field Office, U.S. Immigration and Customs Enforcement, in their offical capacities; MARKWAYNE MULLIN, Secretary of the U.S. Department of Homeland Security, in their official capacities; and TODD BLANCHE, Acting Attorney General of the United States, in their official capacities;<br><br>                    Respondents. | **4:26CV3209**<br><br><br>**MEMORANDUM AND ORDER** |

This matter comes before the Court on Arwinderjit Singh's Petition for Writ of Habeas Corpus. Filing No. 1. He argues he is being unlawfully held without being afforded a bond hearing before an immigration judge. Respondents argue Petitioner is not entitled to a bond hearing. For the reasons set forth herein, the Court grants the Petition and orders Respondents to release Petitioner.

## I.      BACKGROUND

Petitioner is a native and citizen of India. Filing No. 1 at 4. He entered the United States without inspection on May 13, 2023. *Id.* On May 17, 2023, Respondents issued Petitioner a Notice to Appear for removal proceedings and released him on his own recognizance. Filing No. 9 at 3. On February 24, 2026, Petitioner was arrested on criminal charges in Dawson County, Nebraska, for possession of a controlled substance

1

with intent to distribute, failure to affix drug tax stamp, fictious plates, and possession of an open alcoholic container.  Filing No. 9-3.  These charges remain pending, and Petitioner has not been convicted of any offense to date.  Filing No. 1 at 4.  ICE issued a detainer.  Filing No. 9 at 3.  On March 26, 2026, Petitioner was released to ICE custody after posting state-court bond.  *Id.* at 4.

On May 14, 2026, Petitioner was ordered removed to India.  Filing No. 9 at 4.  On June 2, Petitioner timely appealed this decision to the BIA.  *Id.*  This appeal remains pending and Petitioner remains detained at the Lincoln County Jail.  *Id.*

Petitioner seeks a writ of habeas corpus ordering Respondents to release him or provide him with an individualized bond hearing.  Filing No. 1.

## II.    STANDARD OF REVIEW

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States."  *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2).  This includes immigration-related detention.  *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).  The petitioner seeking habeas relief must demonstrate he is in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3); *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

## III.    ANALYSIS

Respondents argue that Petitioner's detention is mandatory under 8 U.S.C. § 1225(b)(2),[1] pointing to *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026).  In *Avila*, the Eighth

---

[1] Under 8 U.S.C. § 1226(b), the Attorney General "may revoke a bond or parole authorized under subsection (a), rearrest the alien under the original warrant, and detain the alien."  Courts have held that in order to comport with due process, a bond revocation must involve an individualized determination requiring the government to show changed circumstances that now make the immigrant a flight risk or danger.  *See, e.g.*, *O.F.C. v. Almodovar*, No. 25-CV-9816 (LJL), 2026 WL 74262, at *7 (S.D.N.Y. Jan. 9, 2026) (citing *In re Sugay*, 17 I. & N. Dec. 637, 640 (BIA 1981)).  Therefore, had they so chosen, Respondents could have attempted to revoke Petitioner's bond on the argument that his new criminal charges make him a flight risk

2

Circuit Court of Appeals approved of DHS's novel interpretation of the INA to conclude that immigrants already present in the country can be treated as arriving aliens seeking admission and mandatorily detained under § 1225(b)(2)(A). Previously, § 1225(b)(2)(A) applied only to non-citizens seeking initial entry into the country, while 8 U.S.C § 1226(a), which allows for an individual's release on bond, applied to those apprehended in the country. Prior to the Eighth Circuit's decision, the undersigned had found DHS's interpretation of the INA to be incorrect. *See Chavez Avila v. Bondi*, No. 8:25CV729, 2026 WL 63328, at \*2 (D. Neb. Jan. 8, 2026). Numerous district courts across the country as well as the Second Circuit Court of Appeals, Eleventh Circuit Court of Appeals, and Sixth Circuit Court of Appeals have agreed. *See Barbosa da Cunha v. Freden*, No. 25-3141-PR, 2026 WL 1146044, at \*2 (2d Cir. Apr. 28, 2026); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, No. 25-14065, 2026 WL 1243395, at \*1 (11th Cir. May 6, 2026); *Lopez-Campos v. Raycraft*, No. 25-1965, 2026 WL 1283891, at \*1 (6th Cir. May 11, 2026). However, the Fifth Circuit Court of Appeals in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 502 (5th Cir. 2026), and the Eighth Circuit in *Avila v. Bondi* have disagreed. The Court is bound by the Eighth Circuit's precedential ruling in *Avila*.

But Petitioner's situation is distinct from that set forth in *Avila*. In issuing the warrant for Petitioner's arrest, Respondents invoked § 1226, not § 1225. *See* Filing No. 9-2 at 1 (warrant addressed to "[a]ny immigration officer authorized *pursuant to sections 236* [8 U.S.C. § 1226] and *287* [8 U.S.C. § 1357] of the Immigration and Nationality Act and part 287 of title 8, Code of Federal Regulations, to serve warrants of arrest for

---

or danger. However, Respondents have not chosen to pursue this avenue for detaining Petitioner. Instead, they proceed solely on a theory that § 1225(b)(2)(A) renders Petitioner subject to mandatory detention as an arriving alien seeking admission.

immigration violations."). Now, Respondents claim Petitioner is actually detained under 8 U.S.C. § 1225(b)(2) rather than § 1226. But, "courts may not accept . . . *post hoc* rationalizations for agency action," and "an agency's action must be upheld, if at all, on the basis articulated by the agency itself." *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 50 (1983). "Put simply, the Government is not allowed to change horses midstream. It is stuck with the horse on which it rode into court," which, here, is 8 U.S.C. § 1226. *Souleimane C. v. Blanche*, No. 26-CV-2215 (LMP/JFD), 2026 WL 1180075, at *3 (D. Minn. Apr. 30, 2026); *accord Silva v. Warden, Lincoln Cnty. Det. Ctr.*, No. 8:26-CV-131, 2026 WL 926725, at *1 (D. Neb. Apr. 6, 2026) ("If the government was going to detain the petitioner for removal proceedings, [his apprehension at the border] was the time. Instead, the government decided to release him on conditional parole—and when it did so, the petitioner's detention and removal were subject to the statutory scheme in § 1226.").

Noncitizens detained under 8 U.S.C. § 1226(a) are entitled to a bond hearing. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)). This is so even though an immigration judge has ordered Petitioner removed; the order of removal is not yet final because Petitioner's appeal is currently pending before the BIA. *See* 8 U.S.C. § 1231 (the "removal period" requiring mandatory detention begins on the date the order of removal becomes administratively final); 8 C.F.R. § 1241.1(a) (order of removal becomes administratively final upon, inter alia, dismissal of an appeal by the Board of Immigration Appeals). Until it becomes final, Petitioner remains subject to the bond provisions of § 1226.

4

Should Petitioner's removal become administratively final, he will thereafter be subject to mandatory detention. 8 U.S.C. § 1231(a)(2) ("During the removal period, the Attorney General shall detain the alien."). Or, should Respondents choose to attempt to re-detain Petitioner prior to his removal order becoming administratively final, they must afford him a bond hearing wherein the burden is on the government to demonstrate he poses a flight risk or is a danger to the community.

Lastly, even if Respondents had not previously chosen to invoke § 1226 in Petitioner's case, the Court would nevertheless find that his detention without the opportunity for a bond violates his due process rights under the three-part test in *Mathews v. Eldridge*, 424 U.S. 319, (1976), as set forth in *Espinoza-Avalos v. Blanche*, No. 8:26CV191, 2026 WL 1396593, at *3 (D. Neb. May 19, 2026). Accordingly,

IT IS ORDERED

1. Petitioner's Petition for Writ of Habeas Corpus, Filing No. 1, is granted.

2. Respondents shall release Petitioner from custody as soon as practicable, no later than 48 hours from the filing of this Order.

3. Respondents must release Petitioner with all personal effects including identification documents and immigration documents, and without conditions such as location tracking devices.

4. Respondents shall provide the Court with a status update concerning Petitioner's release by no later than **5:00 P.M. on July 31, 2026.**

5. Should Respondents re-detain Petitioner, they must afford him a prompt bond determination hearing.

Dated this 28th day of July, 2026.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge